Laura LUCK, Plaintiff–Appellant,

v.

Honorable Michael A. MAZZONE, Surrogate and County Judge, Individually and in his Official Capacity, New York State Unified Court System and Honorable E. Leo Milonas, Chief Administrator in his Official Capacity, Defendants–Appellees.

No. 1405, Docket 94–9052.

United States Court of Appeals, Second Circuit.

Argued April 13, 1995.

Decided April 20, 1995.

William A. Herbert, Albany, NY (Nancy E. Hoffman, on the brief), for plaintiff-appellant.

Daniel Smirlock, Asst. Atty. Gen. Albany, NY (Dennis C. Vacco, Atty. Gen., Peter H. Schiff, Deputy Sol. Gen., Nancy A. Spiegel, Asst. Atty. Gen., on the brief), for defendants-appellees.

Before: FEINBERG, VAN GRAAFEILAND, and KEARSE, Circuit Judges.

PER CURIAM:

Plaintiff Laura Luck, a former secretary in the New York State court system, appeals from a judgment of the United States District Court for the Northern District of New York, Frederick J. Scullin, Jr., *Judge,* dismissing her claims brought principally under 42 U.S.C. § 1983 (1988) against defendants Honorable Michael A. Mazzone *et al.,* alleging that the termination of her employment because of a communication she sent to a radio station violated her rights under the Due Process Clause and the First Amendment. The district court granted summary judgment in favor of defendants on the grounds that the letter Luck sent to the radio station did not pertain to a matter of public concern and that the summary termination of her employment did not violate her right to due process; the court declined to exercise jurisdiction over Luck's pendent state-law claims. On appeal, Luck principally challenges the court's substantive conclusions. We reject her contentions.

■ A public employee does not relinquish her First Amendment rights to comment on matters of public interest by virtue of government employment. *Connick v. Myers,* 461 U.S. 138, 140, 103 S.Ct. 1684, 1686–87, 75 L.Ed.2d 708 (1983) ("*Connick*"); *Pickering v. Board of Education,* 391 U.S. 563, 568, 88 S.Ct. 1731, 1734, 20 L.Ed.2d 811 (1968) ("*Pickering*"). In weighing such an employee's claim that her First Amendment rights have been infringed, however, a court must "seek 'a balance between the interests of the [employee], as a citizen, in commenting upon matters of public concern and the interest of the State, as an employer, in promoting the efficiency of the public services it performs through its employees.'" *Connick,* 461 U.S. at 142, 103 S.Ct. at 1687 (quoting *Pickering,* 391 U.S. at 568, 88 S.Ct. at 1734). That balance must reflect "the common-sense realization that government offices could not function if every employment decision became a constitutional matter." *Connick,* 461 U.S. at 143, 103 S.Ct. at 1688. Thus, the First Amendment does not immunize from dismissal a public employee who speaks "not as a citizen upon matters of public concern, but instead as an employee upon matters only of personal interest." *Id.* at 147, 103 S.Ct. at 1690; *see, e.g., Ezekwo v. NYC Health & Hospitals Corp.,* 940 F.2d 775, 781 (2d Cir.) (medical resident's complaints about aspects of residency program that negatively affected her were "personal in nature and generally related to her own situation," and hence dismissal on account of those complaints did not violate the First Amendment), *cert. denied,* 502 U.S. 1013, 112 S.Ct. 657, 116 L.Ed.2d 749 (1991). Whether an employee's speech addresses a matter of public concern is a question of law, *see, e.g., Rankin v. McPherson,* 483 U.S. 378, 386 n. 9, 107 S.Ct. 2891, 2898 n. 9, 97 L.Ed.2d 315 (1987); *Connick,* 461 U.S. at 148 n. 7, 103 S.Ct. at 1691 n. 7, to be determined in light of "the content, form, and context of a given statement, as revealed by the whole record," *id.* at 147–48, 103 S.Ct. at 1690–91; *see also Sheppard v. Beerman,* 18 F.3d 147, 151 (2d Cir.), *cert. denied,* — U.S. —, 115 S.Ct. 73, 130 L.Ed.2d 28 (1994).

■ In the present case, the events are not in dispute. Luck's position, to which she was nominated by Fulton County Judge and Surrogate Mazzone, was "Secretary to Judge." Luck was hired to work in the Fulton County Surrogate's Court, which was located in the Fulton County Office Building ("FCOB"). Beginning in 1991, Luck's desk

was in a room that served as a courtroom/library.

In July 1993, the radio station "WENT" aired a news item about the meeting room of the Board of Supervisors in the FCOB, stating, *inter alia,* that that room was not air-conditioned and was "about the only place in the entire building without air conditioning." Two days later, Luck sent WENT an anonymous note stating that she wished to correct that news item. Her note made no statement about the Board of Supervisors' room; rather, it stated that the FCOB courtroom/library was "also not air conditioned. These offices contain four employees who work seven hours a day, five days a week." The note was signed, "an overheated worker." Given the note's substance, *i.e.,* its references only to the number of workers in the courtroom/library and the length of their work week in un-air-conditioned surroundings, together with its signature by "an overheated worker," the district court correctly concluded that this communication concerned an employee's essentially private complaint, rather than a matter of public interest. Accordingly, the First Amendment did not foreclose the termination of Luck's employment for sending the note.

Nor do we see merit in Luck's contention that her rights were violated because Judge/Surrogate Mazzone did not conduct an investigation prior to discharging her. There is no material dispute as to the content of Luck's note to WENT. Further, Luck has pointed to no information that an investigation would have uncovered except her argument that she sent the communication in the interest of correcting an error in the initial radio item. Since Luck says she told Judge/Surrogate Mazzone precisely that when he first inquired of her, we see no merit to the lack-of-investigation contention.

The district court also properly dismissed Luck's due process claim that she was entitled to notice and a hearing to challenge her termination. "In order to succeed on a claim of deprivation of procedural due process, a plaintiff must establish that state action deprived [her] of a protected property or liberty interest." *White Plains Towing Corp. v. Patterson,* 991 F.2d 1049, 1060–61

(2d Cir.) (citing *Mathews v. Eldridge,* 424 U.S. 319, 332, 96 S.Ct. 893, 901, 47 L.Ed.2d 18 (1976)), *cert. denied,* ⸺ U.S. ⸺, 114 S.Ct. 185, 126 L.Ed.2d 144 (1993). Such property interests are "created and their dimensions are defined by existing rules or understandings that stem from an independent source such as state law." *Board of Regents v. Roth,* 408 U.S. 564, 577, 92 S.Ct. 2701, 2709, 33 L.Ed.2d 548 (1972). Thus, "an at-will government employee ... generally has no claim based on the Constitution at all." *Waters v. Churchill,* ⸺ U.S. ⸺, ⸺, 114 S.Ct. 1878, 1890, 128 L.Ed.2d 686 (1994); *see also White Plains Towing Corp. v. Patterson,* 991 F.2d at 1062 ("An interest that state law permits to be terminated at the whim of another person is not a property right that is protected by the Due Process Clause.").

It is undisputed that Luck lacked state civil-service tenure or any other formal employment guarantee that would have given her a cognizable property interest in her job as Judge/Surrogate Mazzone's secretary. She failed to establish any other basis for inferring that New York law gave her such an interest. Her reliance, for example, on *Wieder v. Skala,* 80 N.Y.2d 628, 593 N.Y.S.2d 752, 609 N.E.2d 105 (1992), is misplaced. That case held only that a law firm could not fire an at-will associate attorney for his insistence that the firm not prevent him from complying with professional ethical standards. *See id.* at 637–38, 593 N.Y.S.2d at 756–57, 609 N.E.2d at 109–10. This conclusion was grounded on the view that the firm's conduct would have frustrated the "only legitimate purpose of the employment relationship," in violation of the firm's implied obligation not to interfere with the associate's performance of his obligations under the contract. *Id.* at 638, 593 N.Y.S.2d at 757, 609 N.E.2d at 110. In contrast, Luck's ability to complain publicly of a lack of air conditioning was not related to her legitimate job responsibilities.

We have considered all of Luck's contentions on this appeal and have found them to be without merit. The judgment of the dis-

trict court is affirmed. Luck remains free to pursue her state-law claims.