99 F.3d 402
 NOTICE: THIS SUMMARY ORDER MAY NOT BE CITED AS PRECEDENTIAL AUTHORITY, BUT MAY BE CALLED TO THE ATTENTION OF THE COURT IN A SUBSEQUENT STAGE OF THIS CASE, IN A RELATED CASE, OR IN ANY CASE FOR PURPOSES OF COLLATERAL ESTOPPEL OR RES JUDICATA. SEE SECOND CIRCUIT RULE 0.23.
John BAL, Plaintiff-Appellant,
v.
The CITY of New York, The Board of Education of the City of
New York, Joseph Fernandez, personally and in the capacity
of Chancellor, Karl Bruckner, personally and in the capacity
of Chancellor's Representative, Helen Weinberg, personally
and in the capacity of Director, Carolyn Williams,
personally and in the capacity of Assistant to the Director,
Elinor Blash, personally and in the capacity of Assistant to
the Director, Sandie Adelman, personally and in the capacity
of Coordinator, "John Or Jane Doe", personally and in their
Official Capacity, Defendants-Appellees.
 No. 95-7314.
 United States Court of Appeals, Second Circuit.
 Dec. 27, 1995.
 
 Appearing for Appellant: John Bal pro se, N.Y., NY.
 Appearing for Appellees: Fay Ng, Assistant Corporation Counsel, N.Y., NY.
 S.D.N.Y.
 AFFIRMED.
 This cause came on to be heard on the transcript of record from the United States District Court for the Southern District of New York, and was argued by plaintiff pro se and by counsel for defendants.
 ON CONSIDERATION WHEREOF, it is now hereby ordered, adjudged, and decreed that the judgment of said District Court be and it hereby is affirmed.
 Present: KEARSE, MAHONEY, PARKER, Circuit Judges.
 
 
 1
 Plaintiff pro se John Bal appeals from a judgment of the United States District Court for the Southern District of New York, John S. Martin, Jr., Judge, dismissing his complaint under 42 U.S.C. § 1983 alleging that the termination of his employment violated his rights under the First Amendment and various other state and federal laws. The district court granted summary judgment dismissing Bal's claims as a matter of law against most of the defendants and dismissed the claims against defendant Blash as a matter of law at trial; the jury returned a verdict in favor of the remaining defendant, Adelman. We see no errors warranting reversal. The decisions of the district court on questions of law were correct. See, e.g., United States v. National Treasury Employees Union, 115 S.Ct. 1003, 1012-13 (1995); Waters v. Churchill, 114 S.Ct. 1878, 1887 (1994); Rankin v. McPherson, 483 U.S. 378, 386 n. 9 (1987); Connick v. Myers, 461 U.S. 138, 148-149 (1983); Luck v. Mazzone, 52 F.3d 475, 476 (2d Cir.1995) (per curiam); Sheppard v. Beerman, 18 F.3d 147, 151 (2d Cir.), cert. denied, 115 S.Ct. 73 (1994); and we are not entitled to second-guess the jury's verdict in favor of Adelman, see, e.g., Simblest v. Maynard, 427 F.2d 1, 4 (2d Cir.1970); see also Jim Beam Brands Co. v. Beamish & Crawford Ltd., 937 F.2d 729, 736 (2d Cir.1991) (weight of evidence is question for factfinder), cert. denied, 502 U.S. 1094 (1992).
 
 
 2
 We have considered all of Bal's arguments on this appeal and have found them to be without merit.
 
 
 3
 The judgment dismissing the complaint is affirmed.